IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

**July 30, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**NATHAN K.,**
**Respondent Below, Petitioner**

**v.) No. 23-ICA-484**        (Fam. Ct. Wood Cnty. No. FC-54-2022-D-87)

**TIFFANY B.,**
**Petitioner Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Nathan K.[1] ("Father") appeals the Family Court of Wood County's September 20, 2023, final order that granted Respondent Tiffany B.'s ("Mother") petition for modification of custody. The issue on appeal is whether the family court erroneously converted a status hearing into a final hearing. The child's guardian ad litem ("GAL") filed a response in support of the family court's order. Father did not file a reply. Mother did not participate in this appeal.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure to be vacated in a memorandum decision. For the reasons set forth below, the family court's decision is vacated, and this case is remanded for further proceedings consistent with this decision.

The parties are the parents of one child who was born in August 2017. On December 22, 2019, a Final Order Regarding Parenting and Child Support was entered in the Family Court of Marion County, adopting the parties' parenting agreement. Pursuant to their agreement, Father received parenting time with the child every other weekend from Friday at 5:00 p.m. until Sunday at 10 a.m. and every Sunday through Thursday from 5:00 p.m. until 9:00 p.m.; however, the parties further agreed that Father's weekday visitation would not occur on days when Mother was not working on a Monday through Thursday evening.

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See*, *e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Father is represented by William B. Summers, Esq. The GAL is Debra L. Steed, Esq.

While it is unclear from the record, at some point and for some reason, Father's parenting time decreased, with him only exercising parenting time every other weekend. On March 2, 2022, Mother filed a petition to modify the December 22, 2019, final order with respect to custodial allocation and child support, seeking a written order reflecting Father's parenting time of every other weekend. In support of her petition, she alleged, among other things, that Father's limited contact with the child caused the child emotional distress.

Sometime after filing her petition for modification, Mother filed a motion with the Family Court of Marion County to transfer the case to Wood County where she and the child resided. The motion was granted, and the matter was transferred to the Family Court of Wood County. On May 1, 2023, the Family Court of Wood County held a preliminary hearing on Mother's petition for modification. This was the first hearing held in Wood County. During the hearing, counsel for Father stated that since there had been a change in Mother's address due to relocation, the court should afford him equal 50-50 parenting under the new statute; however, he had not yet filed a formal motion. Because of the preliminary nature of the hearing, Father agreed that his current schedule, which gave him parenting time every other weekend, should remain in effect until the court held an evidentiary hearing on the matter. On May 15, 2023, the family court entered an order from the preliminary hearing that ordered the status quo to be maintained and set Father's parenting time with the child for every other weekend from Friday at 5:00 p.m. until Sunday at 10:00 a.m. The order also scheduled a status hearing for July 17, 2023. However, by order entered on June 14, 2023, the court, sua sponte, rescheduled the July hearing for August 21, 2023.

On June 22, 2023, Mother filed a motion requesting that the family court order Father to submit to random drug screens, which was granted. On July 25, 2023, Mother moved the family court to appoint a GAL for the child, and the court granted the motion by order entered July 26, 2023. The order of appointment required the GAL to represent the child's best interests and to investigate and "report to the [family court], at least ten (10) days prior to the hearing. . ." The order further scheduled a "status/[GAL]" hearing for August 21, 2023.

At the beginning of the August 21, 2023, hearing, the GAL informed the family court that she had some preliminary information and recommendations. Without being sworn to testify, the GAL stated that she had visited the parties' homes that morning, prior to the hearing, and that Father's home smelled of marijuana upon entry. She stated that although he was issued a medical marijuana card,[3] she recommended that he cease smoking during his parenting time. She further stated that Father lived in a one-bedroom garage apartment. The child did not have her own bedroom in the apartment and had to sleep on a

---

[3] Father obtained his medical marijuana card through Ohio on August 17, 2023.

toddler bed on Father's bedroom floor. The GAL opined that the child needed her own room. The GAL ultimately recommended that the parties' de facto parenting agreement of Father receiving parenting time every other weekend remain in effect because of the child's sleeping arrangement and because of Father's marijuana use.[4] At the conclusion of the hearing, Father's counsel inquired of the family court if there would be another hearing to which the family court stated that only "if there's a change in circumstances [and] somebody file[s] a petition for modification."

The family court entered a final order from the hearing on September 20, 2023, stating that in consideration of the parties' testimony and the GAL's report, Mother's petition for modification was granted. The court awarded Mother primary custody of the child and set Father's parenting time for every other weekend from Friday at 5:00 p.m. until Sunday at 10:00 a.m. In support of its ruling, the court found that Father had a medical marijuana card and had been regularly testing positive for marijuana, had no separate bedroom for the child, and his truck was not a safe transportation method for the child. It is from that order that Father now appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, No. 22-918, 2024 WL 2966177, __ W. Va. __, __S.E.2d __ (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Father asserts two assignments of error. He first argues that the family court erroneously converted the August 21, 2023, status hearing into a final hearing without the parties' agreement or adequate notice, in violation of Rule 21(b) of the Rules of Practice and Procedure for Family Court. We agree.

Rule 21(b) of the Rules of Practice and Procedure for Family Court provides that "[b]y agreement of all parties placed on the record, any hearing may be converted to a final hearing. . . ." Here, the record indicates that on June 14, 2023, the family court rescheduled the July 17, 2023, status hearing for August 21, 2023. Additionally, the court's July 26, 2023, order appointing the GAL scheduled a "status/[GAL]" hearing for August 21, 2023.

---

[4] The record indicates that the only person to testify during the hearing was Father.

It was not until the conclusion of the August 21, 2023, status hearing that the parties were made aware that the family court had converted the status hearing into a final hearing. There was no agreement expressed by the parties. Thus, we conclude that the family court abused its discretion by converting the August 21, 2023, status hearing into a final hearing on Mother's petition for modification without appropriate notice to Father.[5]

For his second assignment of error, Father asserts that he was deprived of the opportunity to review and rebut the GAL's oral report and recommendation since it was given, for the first time, during what was scheduled as a status hearing. In support of his argument, he cites West Virginia Code § 48-9-301(c) (2021), which states:

> The investigator shall deliver the investigator's report to counsel and to any party not represented by counsel at least 10 days prior to the hearing unless a shorter time is ordered by the court for good cause shown: *Provided*, That in *no event* shall the hearing take place until after the report has been provided to the parties and the completion of any discovery requested thereupon.

(Emphasis added).

Rule 47(d) of the Rules of Practice and Procedure for Family Court provides that "West Virginia Code § 48-9-301, § 48-9-302, and the Guidelines for Guardians Ad Litem in Family Court set forth in Appendix B of these rules shall govern the investigations by guardians ad litem." The rule further states that "[i]f the Guidelines for Guardians Ad Litem in Family Court conflict with other rules or statutes, the Guidelines shall apply." W. Va. R. Prac. & Proc. for Fam. Ct. 47(d). Subsection 12 of the Guidelines requires the GAL to "complete his or her investigation with sufficient time between the interviews and court appearances . . . and formulate meaningful arguments and written recommendations to the court." Here, despite earlier attempts, the GAL did not successfully complete a visit to the parties' homes until the morning of the August 21, 2023, hearing and thus, could only provide an oral report.

Father argues that the GAL's oral report during the final hearing deprived him of a meaningful opportunity to review and challenge the findings and recommendations of the

---

[5] West Virginia Code § 48-9-102a (2022) states that "[t]here shall be a presumption, rebuttable by a preponderance of the evidence, that equal (50-50) custodial allocation is in the best interest of the child." Although the family court deviated from the presumption of equal custody, the record indicates that it did not require Mother to produce any evidence by testimony or otherwise in support of her petition to modify.

GAL.[6] Upon review, we conclude that the family court abused its discretion by permitting the GAL to only provide her investigative report and recommendation orally and without being subject to cross-examination since Father was the only person sworn to testify during the hearing.

We express no opinion as to what the family court's ruling should be after providing the parties with a meaningful opportunity to cross-examine the GAL and present evidence at a duly noticed final hearing. We simply hold, given the circumstances, that the family court abused its discretion by converting the status hearing into a final hearing without an agreement by the parties and by not requiring the GAL to submit her written report prior to the hearing. On remand, the court should schedule a final hearing on the petition to modify, provide Mother with the opportunity to present evidence concerning the issues raised in her petition, allow the parties to cross-examine the GAL, and provide Father with the opportunity to present rebuttal evidence.[7]

Accordingly, we vacate the family court's September 20, 2023, order and remand the case for further proceedings consistent with this decision. The May 25, 2023, order shall remain in effect until a new order is entered.

Vacated and Remanded.

**ISSUED:** July 30, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

---

[6] West Virginia Code § 48-9-302(e) (2001) states that guardians ad litem who submit "information or recommendations to the court are subject to cross-examination by the parties."

[7] Any additional investigation performed by the GAL should be provided to the parties, and to the family court for its consideration, in the form of a timely written report, pursuant to West Virginia Code § 48-9-301(c) and Rule 47 of the Rules of Practice and Procedure for Family Court.